CITY OF CINCINNATI, APPELLEE, *v.* McCARTNEY ET AL., APPELLANTS.

46

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

(Nos. 11586 and 11587—Decided September 7, 1971.)

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Donald L. Schott,* for appellee.
*Messrs. Boelter, Fisher & Sullivan,* for appellants.

HESS, P. J. These are appeals on questions of law from a judgment of the Hamilton County Municipal Court finding the defendants, Walter T. McCartney and Arthur Gilbert Jones, guilty of having under their control an hallucinogen, as defined in R. C. 3719.40 contrary to and in violation of R. C. 3719.41.

The defendants, appellants herein, were tried jointly, without a jury, with six other defendants who are not before this court. The defendants herein will be referred to as they appeared in the trial court and by their surnames when necessary.

At or about 10 o'clock p. m. on June 21, 1970, an officer of the Cincinnati Police Division went to 6347 Beechmont Avenue, apartment 45, Cincinnati, Ohio, with a search warrant to search the apartment. Upon arrival at the apartment, the officer was admitted and the persons therein were shown a search warrant and advised by the officer that he was a police officer. As the officer looked about the room to which he was admitted, he saw marijuana plants growing in front of a sliding glass window. Thereupon, the officer "placed everybody in the apartment under arrest."

Among those present in the apartment were McCart-

ney and Jones who were seated on chairs approximately six feet from the marijuana plants. There were eight persons in the apartment. McCartney and Jones, together with the other persons in the apartment, were charged with a violation of R. C. 3719.09.

On October 9, 1970, McCartney and Jones both entered pleas of not guilty. After the prosecution presented police officers as witnesses, the prosecuting attorney requested and the court dismissed the charges against the defendants for the reason that "counsel for the State realized the law had been changed and the offense should be prosecuted under Section 3719.41, Ohio Revised Code." New charges were filed under the proper code section and the cases were set for trial and heard on October 22, 1970.

The court found the defendants guilty and sentence was imposed. It is from that judgment that this appeal is taken.

The defendants, McCartney and Jones, present three assignments of error:

1. The court erred in proceeding with the trial of these cases after defendants had filed a plea of once in jeopardy.

2. A. The court erred in not granting the oral motion to dismiss said charge at the end of the State's case,

B. the court further erred in not granting the oral motion of the defendants for dismissal on said charge at the end of the entire case,

C. the court erred in overruling the defendants' motions for new trials, and

D. the city of Cincinnati and state of Ohio failed to prove the defendants guilty beyond a reasonable doubt.

3. The judgment of the court is against the manifest weight of the evidence.

We will consider the third assignment of error first.

The record discloses that neither McCartney nor Jones owned the apartment building at 6347 Beechmont Ave., nor did either of them occupy apartment 45 as lessees or use that apartment as living quarters. The only testimony concerning any connection the defendants may have had with the marijuana plants was the statement

made by an unidentified person in apartment 45 when the arrest was being made, to the effect that they all helped attend the plants, and that the defendants were seated on chairs about six feet from the plants when the arresting officer entered the apartment in question.

The defendants were charged with possession of marijuana. Marijuana was not found on the person of either of the defendants herein. It cannot be successfully argued that being seated six feet from growing marijuana plants in an apartment not occupied, rented or used as living quarters by the defendants would be sufficient evidence to prove they were in actual or constructive possession of such plants.

The other piece of evidence intended to establish the guilt of the defendants was the statement of an unidentified person in the apartment at the time the police officers made the arrest to the effect that all persons in the apartment helped care for the plants. There is no evidence any person in the apartment made any response to that statement. The fact that defendants did not respond cannot be considered as evidence of their guilt.

We are persuaded that evidence showing the presence of the defendants in the apartment where marijuana was being grown and their failure to respond to the statement by an unidentified person that all persons present attended the marijuana plants is insufficient to establish beyond a reasonable doubt that the defendants are guilty of the charge of possessing marijuana.

We conclude the judgment finding the defendants guilty of possession of marijuana is manifestly against the weight of the evidence.

The judgment of the trial court is reversed and the defendants are discharged.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.