OPINION
Defendant-appellant, Aaron S. Walker, appeals from a judgment of the Franklin County Court of Common Pleas whereby appellant was convicted of possessing crack cocaine in an amount exceeding five grams but not exceeding ten grams, pursuant to a jury trial.
The evidence admitted in the trial court established the following general factual background. The Columbus Police Department received reports of drug activity at 841 Brookside Court. On May 8, 1997, the Narcotics Bureau of the Columbus Police Department, with the assistance of the SWAT team, executed a search warrant on 841 Brookside Court. The police officers knocked, announced their presence and, because there was no response, forcibly opened the door. There were two individuals in the home. The police officers ordered the individuals to lie down on the floor. Officer Day, who was participating in the execution of the search warrant, found a bag of crack cocaine in the toilet of the bathroom. The bag was placed on top of a roll of toilet paper that had been shoved down into the toilet. The bag contained 8.1 grams of crack cocaine. According to Officer Day, the bathroom was six feet from the living room, where appellant was lying on the floor.
Officer Moss, who was also participating in the execution of the search warrant, questioned appellant about the crack cocaine found in the toilet. According to Officer Moss, appellant denied owning or possessing the crack cocaine. However, appellant admitted that he was leaving the bathroom when the police officers executed the search warrant. Moreover, Officer Moss found $2,000 cash on appellant. Additionally, upon searching appellant's pockets, Officer Moss discovered what he thought might be lint containing small rocks of cocaine. The officer performed a "field test" on the lint. The test results were positive, which indicated the presence of crack cocaine on the lint. Appellant was arrested after Officer Moss completed his investigation. Appellant's case proceeded to trial and the jury found him guilty of possession of crack cocaine.
Appellant appeals, assigning four assignments of error, as follows:
 I. Appellant's conviction was based on insufficient evidence, and the trial court erred in overruling Defendant's motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 II. Appellant's conviction was against the manifest weight of the evidence.
 III. The trial court erred to the prejudice of Appellant by admitting evidence of the armed robbery that had occurred the day prior to Appellant's arrest.
 IV. Appellant was denied his right to effective assistance of counsel.
In appellant's first assignment of error, he attacks his conviction of possessing crack cocaine as being based on insufficient evidence. We disagree.
Sufficiency of evidence is the legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386. When reviewing whether a verdict was supported by a sufficiency of the evidence, an appellate court examines the evidence in the light most favorable to the prosecution and concludes whether any rational trier of fact could have found essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, at 273.
Appellant was convicted of possessing the bag of crack cocaine found in the toilet at 841 Brookside Court in violation of R.C. 2925.11, which makes it unlawful for anyone to knowingly obtain, possess or use a controlled substance. Possession of an item may be actual or constructive. State v. Wolery (1976),46 Ohio St.2d 316, 329, certiorari denied (1976), 429 U.S. 932,97 S.Ct. 339. Because the bag of crack cocaine was not found on appellant's person, appellee had to prove that appellant constructively possessed the contraband. State v. Young (Jan. 24, 1991), Cuyahoga App. No. 57952, unreported. Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his or her immediate physical possession. Wolery, at 329.
Circumstantial evidence is sufficient to support a finding of constructive possession. State v. Chandler (Aug. 9, 1994), Franklin App. No. 94APA02-172, unreported (1994 Opinions 3452, 3456). Indeed, circumstantial evidence has equal probative value as direct evidence. State v. Nicely (1988), 39 Ohio St.3d 147,151. However, mere presence of a defendant in a house where illegal drugs are found is, by itself, insufficient to establish constructive possession. Cincinnati v. McCartney (1971), 30 Ohio App.2d 45,48. Nonetheless, constructive possession can be inferred from a totality of the evidence where sufficient evidence, in addition to proximity, supports dominion or control over the contraband. State v. Johnson (July 11, 1990), Summit App. No. 14371, unreported (finding that a totality of the evidence existed to support a conclusion that defendant constructively possessed cocaine and criminal tools).
In this case, as noted above, Officer Day found a bag containing 8.1 grams of crack cocaine in the toilet of the bathroom at 841 Brookside Court. The bag had been placed on top of a roll of toilet paper that had been shoved down into the toilet. Additionally, we note that, upon entering the premises, the police officers ordered all occupants to lie down on the floor. Appellant was found lying on the floor of the living room, which was six feet from the bathroom. Upon questioning, appellant admitted that he was leaving the bathroom when the police officers executed the search warrant.
Moreover, Officer Moss found $2,000 cash on appellant. We are able to use the fact that police officers found large amounts of cash on appellant as a factor when examining whether the totality of evidence supports appellant's conviction. SeeState v. Glover (Dec. 28, 1998), Montgomery App. No. 16877, unreported (considering the fact that police officers found large amounts of cash on defendant as part of the appellate court's examination of whether the totality of evidence supports defendant's conviction of possessing cocaine).
Furthermore, upon searching appellant's pockets, Officer Moss discovered what he thought might be lint containing small rocks of cocaine. The officer performed a "field test" on the substance from appellant's pockets. The test results were positive, which indicated the presence of crack cocaine. Thus, examining the evidence in a light most favorable to the prosecution, we conclude that there is sufficient evidence to support the jury's finding that appellant constructively possessed the crack cocaine found in the toilet at 841 Brookside Court. Accordingly, we overrule appellant's first assignment of error.
Appellant's third assignment of error concerns the trial court's decision to admit into evidence "buy money" and testimony regarding events surrounding the "buy money." The police discovered that two $20 bills in appellant's possession were "buy money" marked by the Columbus Police Department. However, as noted above, Officer Moss testified that appellant claimed that his father gave him the $2,000 cash found in his pockets because he worked for his father. In order to impeach appellant for his statement concerning the source of the $2,000 cash, appellee offered into evidence the "buy money." Additionally, appellee offered into evidence testimony concerning events surrounding the "buy money."
Officer Tillson testified that the police department gave the "buy money" to a woman for the purposes of effecting a "controlled buy" of cocaine from drug dealers at 837 Brookside Court. Officer Glendenning, a police officer who witnessed the "controlled buy," testified that the woman with the "buy money" approached the house and talked to a man for a few minutes. The police officer testified that appellant was not the man talking to the woman with the "buy money." According to the police officer, the man hit the woman, stole the "buy money" and threatened, at gun point, to kill her. Officer Glendenning mentioned that he saw appellant enter and leave the suspected crack house at 837 Brookside Court five or six times on the day of the attempted "controlled buy."
Accordingly, appellee contends that the "buy money" and testimony concerning the armed robbery of the "buy money" is admissible as impeachment evidence under Evid. R. 806 to show that appellant lied about where he received the $2,000 cash. We disagree.
The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Evid.R. 806 permits the impeachment of the declarant's out-of-court statement by use of any evidence that would be admissible to attack the declarant's credibility as if the declarant were testifying as a witness.
Thus, in this case, we must determine whether, if appellant had testified, the prosecution could have been permitted to introduce into evidence "buy money" and testimony regarding the armed robbery to impeach appellant for his statement concerning the source of the $2,000 cash. In so analyzing, we look to the other Rules of Evidence. See State v. Heinish (1990), 50 Ohio St.3d 231,237.
Evidence is not admissible under Evid.R. 403(A) if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Under Evid.R. 403(A), a court balances whether the probative value of the offered evidence outweighs its prejudicial effect. State v. Maurer (1984), 15 Ohio St.3d 239, paragraph seven of the syllabus, certiorari denied (1985), 473 U.S. 924,106 S.Ct. 15. In order for the evidence to be inadmissible under Evid.R. 403(A), its probative value must be minimal and its prejudicial effect great. State v. Morales (1987), 32 Ohio St.3d 252,258, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 785. Evidence is excluded under Evid.R. 403(A) where it would result in an improper basis for a jury decision or appeal to an instinct to punish. State v. Lloyd (Mar. 31, 1999), Montgomery App. No. 15927, unreported, quoting Weissenberger, Ohio Evidence Treatise (1998) 81, Section 403.2.
Evidence used for impeachment purposes may be examined under Evid.R. 403. See White v. Ohio Dept. of Transp. (1990),56 Ohio St.3d 39, 46 (examining whether the trial court abused its discretion in concluding that impeachment evidence is inadmissible under Evid. R. 403[A]).
We first examine the testimony concerning the armed robbery. In so examining, we conclude that the testimony over the armed robbery does little to impeach appellant for his statement regarding the source of the $2,000 cash and, thus, has minimal impeachment value. Although the armed robbery testimony indicates how the "buy money" left the cooperating informant's hands, the testimony does little to show how appellant obtained the money.
Rather, the testimony allows for the jury to make many different inferences. For example, the jury could infer that appellant's father somehow obtained the "buy money" and paid "buy money" to appellant for his services. Additionally, the testimony allows the jury to create an inference that links appellant to the armed robbery. Yet, there is no evidence that appellant participated in the armed robbery. Nonetheless, the armed robbery was revealed to the jury in a concise and detailed manner. Two police officers testified about the armed robbery. Accordingly, we conclude that the testimony of the armed robbery allows the jury to make inferences that unfairly prejudices appellant, confuses the issues and misleads the jury. Therefore, we conclude that the value of impeaching appellant with the armed robbery testimony is substantially outweighed by the fact that the evidence unfairly prejudices appellant, confuses the issues and misleads the jury. As such, the evidence is inadmissible under Evid.R. 403(A).
Additionally, we recognize that the evidence rules governing impeachment prohibit appellee from using the testimony regarding the armed robbery to impeach appellant for his statement regarding the source of the $2,000 cash. Evid.R. 608(B) governs how a witness's veracity may be impeached. Under Evid.R. 608(B), a witness's veracity may be impeached as to specific prior instances of conduct that are probative of untruthfulness. Only prior acts involving an element of dishonesty or deceit are appropriate for impeachment. Id. Additionally, except for the Evid.R. 609 exception for certain criminal convictions, a witness's veracity may not be impeached by extrinsic evidence.State v. Kamel (1984), 12 Ohio St.3d 306, 311; State v. Leuin
(1984), 11 Ohio St.3d 172, 174.
In this case, appellee was permitted to use the testimony concerning the armed robbery to confront appellant's statement concerning the $2,000 cash found in his pockets. As noted above, the jury could impermissibly link appellant to the armed robbery. The testimony concerning the armed robbery constitutes extrinsic evidence. Thus, we conclude that, under Evid.R. 608(B), the testimony concerning the armed robbery is inadmissible for purposes of impeaching appellant for his statement regarding the source of the $2,000 cash.
Therefore, based on Evid.R. 403(A) and 608(B), if appellant had testified, the prosecution could not have been permitted to introduce into evidence the testimony concerning the armed robbery to impeach appellant for his statement concerning the $2,000 cash. Accordingly, we conclude that the evidence is not admissible under Evid.R. 806; as well, because appellee linked the "buy money" with the armed robbery, the "buy money" is inadmissible under the exact analysis noted above. Moreover, because the "buy money" evidence links appellant to the armed robbery, the trial court essentially admitted into evidence a "prior bad act" of appellant that is unrelated to the charge of possession of crack cocaine for which he was standing trial.
Generally, evidence of a defendant's "prior bad act" is not admissible to show that the defendant has a trait, disposition or propensity toward the commission of a crime. State v. Hector
(1969), 19 Ohio St.2d 167, 174; see, also, Evid.R. 404(B) (mandating that evidence of a defendant's "prior bad act" is not admissible to prove that the defendant acted in conformity with a person who would commit such "prior bad acts"). Additionally, the trial court may not admit evidence that tends to show that a defendant has committed a crime wholly independent of the offense for which he or she is on trial. State v. Breedlove (1971),26 Ohio St.2d 178, 183, citing Hector, paragraph one of the syllabus.
However, R.C. 2945.59 and Evid.R. 404(B) are exceptions to the rules regarding "prior bad acts." According to R.C.2945.59 and Evid.R. 404(B), evidence of a defendant's "prior bad act" is admissible as substantive evidence if the evidence tends to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
In this case, the armed robbery does not fit within one of the exceptions in R.C. 2945.59 or Evid.R. 404(B). Rather, the evidence links appellant to another crime wholly independent of the offense for which he is on trial. As such, the "buy money" and testimony regarding the "buy money" is inadmissible under R.C.2945.59 or Evid.R. 404(B). Therefore, we conclude that the "buy money" and testimony regarding the armed robbery is inadmissible as both impeachment and substantive evidence. As such, we conclude that the trial court abused its discretion in admitting the evidence.
Where a trial court improperly admits evidence, a reviewing court must determine whether the improper admission constitutes "harmless error" or "prejudicial error." Sage, at 181; State v. Davis (1975), 44 Ohio App.2d 335, 345. If the error is prejudicial, the reviewing court must reverse the conviction and order a new trial. Id. at 349.
In criminal cases, errors are categorized as constitutional error and non-constitutional error. Id. at 346. The non-constitutional standard applies when errors in a criminal trial do not relate to a violation of the defendant's federal constitutional rights. Id. A non-constitutional error in the trial of a criminal case is harmless if there is other substantial non-disputed evidence to support a guilty verdict. Id. at 347. If there is not other substantial evidence to support the guilty verdict, then the error is prejudicial and the defendant's conviction must be reversed. Id.
A federal constitutional error in the trial of a criminal case is harmless if the reviewing court concludes that beyond a reasonable doubt the error did not contribute to the defendant's conviction. Id. at 346, citing Harrington v.California (1969), 395 U.S. 250, 89 S.Ct. 1726, and Chapman v.California (1967), 386 U.S. 18, 87 S.Ct. 824. If other evidence against the accused is overwhelming, the reviewing court could conclude beyond a reasonable doubt that the error was harmless and did not contribute to the defendant's conviction. Davis, at 348; see, also, Sage, at 181, quoting State v. Williams (1983), 6 Ohio St.3d 281,290.
However, if the other evidence of a defendant's guilt is either weak or presents a close case, then it is clear that the wrongly heard material did interfere with the defendant's right to a fair trial. Davis, at 349; see, also, State v. Smith (1984),14 Ohio St.3d 13, per curiam (examining whether the prosecution's remarks constituted prejudicial error requiring reversal of the defendant's conviction). Because of the interference with the defendant's constitutional rights, the reviewing court cannot find the error harmless but must find it prejudicial and must reverse and order a new trial. Davis, at 349.
Many courts apply the more rigorous Chapman-Harrington
standard regardless of the type of error involved. Id. at 348. Furthermore, we recognize that the injection of highly inflammatory and erroneous material in this case could be a violation of appellant's right to a fair trial as recognized under the federal constitution. Id., noting that the injection of inflammatory and otherwise erroneous material could be a violation of the defendant's right to a fair trial under the Due Process Clause of the Fourteenth Amendment of the Federal Constitution. Nonetheless, we conclude that the error in this case is prejudicial under either the constitutional or non-constitutional standard. We reach this conclusion because the evidence linking appellant to the possession of crack cocaine is mostly circumstantial and presents a close case. Thus, we cannot say that without this evidence the jury's verdict would have been the same.
Therefore, we conclude that the trial court committed prejudicial error when it admitted into evidence the "buy money" and testimony regarding the armed robbery. Accordingly, we sustain appellant's third assignment of error.
Because of our disposition of the third assignment of error, we conclude that it is unnecessary to examine appellant's second assignment of error concerning his claim that his conviction is against the manifest weight of the evidence and his fourth assignment of error concerning his claim of ineffective assistance of counsel. Therefore, appellant's second and fourth assignments of error are rendered moot. App.R. 12(A)(1)(c).
In summary, we overrule appellant's first assignment of error, sustain the third assignment of error, and find appellant's second and fourth assignments of error to be moot. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to the trial court for a new trial.
Judgment reversed and cause remanded.
BOWMAN and BROWN, JJ., concur.