JOURNAL ENTRY and OPINION
{¶ 1} Defendant Myrt A. Gray, Jr. appeals from his conviction for possession of drugs in violation of R.C. 2925.11, raising three assignments of error for our review:
 {¶ 2} I. MR. GRAY WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH
AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO PURSUE THE SUPPRESSION OF IMPERMISSIBLY SEIZED EVIDENCE.
 {¶ 3} II. THE TRIAL COURT ERRED IN DENYING MR. GRAY'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT HE POSSESSED THE DRUGS.
 {¶ 4} III. MR. GRAY'S CONVICTIONS [SIC] ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 5} We find no error in the court's decisions and affirm its judgment.
 FACTUAL AND PROCEDURAL HISTORY
{¶ 6} Appellant and co-defendant Bernard B. Price, Jr. were charged in a three count indictment filed May 14, 2001. Count one charged them with possession of drugs, specifically PCP, in violation of R.C.2925.11. Count two charged that the appellant and his co-defendant possessed a pager, money and a cellular telephone with the purpose to use them criminally, in violation of R.C. 2923.24. Count three charged appellant and his co-defendant with preparation of drugs for sale in violation of R.C. 2925.07.
{¶ 7} Appellant waived trial by jury and the case against him proceeded to a bench trial on August 14, 2001. Before trial began, appellant's counsel informed the court that he had filed a motion to suppress. The court advised that there was no motion in the record, and counsel then asked that the court treat it as an oral motion and rule on it in hearing the testimony at trial.
{¶ 8} Cleveland Metropolitan Housing Authority Patrol Officer Richard Schilling was the only witness for the State. Schilling testified that he and his partner were patrolling the Cedar Estate area at 2700 Central Avenue in the City of Cleveland at approximately 1:00 a.m. on April 3, 2001, in a marked patrol car. He observed a gray Pontiac with two people inside, both of whom were slouched down low in their seats. The officers approached, and detected a strong odor of marijuana. Schilling spoke to the driver, appellant, and asked his name, where he lived, what he was doing in the area, and whether anybody in the vehicle was smoking "wet," which the officer described as a street term for marijuana. Schilling reported that the appellant gave his name and address and said he was smoking a "blunt," another street term for marijuana which is placed in a cigarette or cigar.
{¶ 9} Using his flashlight, Schilling observed two bags on the seat between the driver and the passenger. One of these bags contained a green substance which the officer suspected to be marijuana, while the other contained four vials of a clear liquid which he suspected to contain PCP. Appellant's counsel stipulated to the authenticity and admissibility of a lab report which confirmed that the bags contained marijuana and PCP.
{¶ 10} Officer Schilling asked the appellant to get out of the car. He found a cell phone and a pager on appellant's person, and testified that these were common tools for people using or dealing drugs.
{¶ 11} Appellant's attorney moved for acquittal on all charges pursuant to Criminal Rule 29. The court granted the motion as to the charges for possession of criminal tools and preparation of drugs for sale, but denied the motion with regard to the possession of drugs charge. Appellant then testified on his own behalf. Appellant testified that the marijuana found on the front seat of the car was his and that he and the co-defendant were smoking marijuana in the car that night. However, he denied that he owned the PCP.
{¶ 12} At the conclusion of the trial, the court overruled appellant's motion to suppress. The court then found appellant guilty of possession of PCP. It subsequently sentenced him to one year of community control with the following conditions: appellant was to submit to drug and alcohol testing, obtain and maintain full time employment, obtain a high school diploma or GED, and submit to supervision by intensive special probation management for a minimum of 90 days. He was also referred to TASC Management and was ordered to attend three alcohol/narcotics anonymous meetings per week. Appellant's driver's license was suspended for six months with occupational privileges only. Finally, appellant was ordered to pay a fine of $150, and to pay assigned counsel fees and a probation supervision fee. The court also appointed appellate counsel to represent appellant.
 LAW AND ANALYSIS
{¶ 13} Appellant first contends he received ineffective assistance of counsel because his attorney did not file a written motion to suppress or seek a pretrial hearing on the motion. The test for determining whether counsel was constitutionally ineffective is essentially the same under both Ohio and federal law:
 {¶ 14} First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687; see, also, State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
{¶ 15} Appellant's attorney made an oral motion to suppress which the court heard in the course of the trial of this matter and orally overruled. Appellant was not prejudiced by the fact that the motion was not heard pre-trial because there was no jury; the judge was the fact-finder, and would have heard the evidence which appellant claimed should have been suppressed in any event. Therefore, counsel's performance was not deficient because he failed to file a motion to suppress or to request a hearing before trial, nor was appellant prejudiced.
{¶ 16} Appellant claims his attorney should have identified as an issue that the police did not have a reasonable suspicion of criminal activity to justify their detention of appellant and his co-defendant. However, the officers' basis for approaching appellants' car was addressed by the testimony of Officer Schilling on direct and cross examination. Thus, the issue was identified, and counsel's performance was not deficient in this regard.
{¶ 17} Accordingly, we overrule the first assignment of error.
{¶ 18} Appellants' second assignment of error asserts that the court erred by denying his motion for acquittal because there was insufficient evidence to support his conviction for possession of drugs. Appellant claims there was insufficient evidence that he constructively possessed the PCP. Mere presence in the vicinity of contraband is not enough to demonstrate constructive possession. Cincinnati v. McCartney
(1971), 30 Ohio App.2d 45. However, constructive possession is established when the accused is able to exercise dominion and control over the contraband. State v. Slade (2001), 145 Ohio App.3d 241, 243. We have consistently held that an amount of readily usable drugs in close proximity to a defendant constitutes circumstantial evidence that the defendant is in constructive possession of the drugs. Slade,145 Ohio App.3d at 243. Circumstantial evidence alone is sufficient to support a finding of constructive possession. State v. Johnson (May 31, 2001), Cuyahoga App. No. 78305.
{¶ 20} Furthermore, this court has consistently found joint constructive possession under facts similar to those presented by the evidence in this case, i.e., where contraband is found in the immediate vicinity of two or more persons in a motor vehicle. See, e.g., State v.Johnson (May 31, 2001), Cuyahoga App. No. 78305, and cases cited therein. The circumstantial evidence presented at trial, including appellant's admitted possession of marijuana, the fact that the PCP was retrieved with the marijuana, both within the immediate vicinity of appellant and Price, is sufficient to establish appellant's constructive possession of the PCP. Therefore, the second assignment of error is overruled.
{¶ 21} Finally, appellant urges that his conviction was against the manifest weight of the evidence. In assessing the manifest weight of the evidence, we must review the entire record and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and caused such a manifest miscarriage of justice that a new trial must be ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. We do not find that the court clearly lost its way in finding appellant guilty of possession of PCP. Although the co-defendant exhibited signs of PCP use while appellant did not, appellant was not convicted of use but of possession. As noted above, appellant's admitted possession of marijuana and his close proximity to both the marijuana and the PCP on the car seat supported a finding that he constructively or jointy possessed the PCP. The court could properly discount appellant's denial of ownership of the PCP as self-serving. Therefore, we overrule the third assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, A.J. and (Concurs in Judgment Only) TERRENCEO'DONNELL, J. CONCUR