DECISION.
{¶ 1} Defendant-appellant Jermaine Thomas appeals his conviction for possession of cocaine, in violation of R.C. 2925.11(A), a second-degree felony. After a jury found Thomas guilty, the trial court sentenced Thomas to four years in prison. We affirm.
 {¶ 2} In July 2001, Cincinnati police officers Mark Bode and Melissa Cummins were on routine patrol in a marked cruiser when they pulled into a Wendy's drive-through to order some food. In the car directly in front of them, the officers saw Thomas, along with two other individuals. Both officers knew Thomas from previous interactions, and both knew that Thomas had ten outstanding warrants. Thomas was sitting in the front passenger seat. Thomas turned around and saw the officers, and then laid his seat all the way down so the officers could not see him.
 {¶ 3} The officers decided to apprehend Thomas. Cummins and Bode approached Thomas's car on the passenger side. At about that time, the individual in the back seat of the car, who had been sitting behind the driver, exited from the vehicle on the driver's side and entered the Wendy's. Officer Cummins ordered Thomas to show his hands and step out of the vehicle. Thomas instead turned to the driver and said, "Come on, let's get out of here, go, go, go." Officer Bode ordered the driver, Michael Blair, to shut the car's engine off, which Blair did. Officer Cummins again ordered Thomas to show his hands. Thomas showed his left hand only, his right hand remaining out of view of the officers. After the third request by Officer Cummins for Thomas to show both hands, she started to draw her weapon. Thomas then brought both hands up to where they were visible. Officer Bode opened the door, removed Thomas from the vehicle, and put him in handcuffs.
 {¶ 4} The officers searched Thomas and found $10,980 in cash. Officer Bode instructed Blair to get out of the vehicle and asked Blair if he knew of anything that should not have been in the car. Blair removed $300 and a small amount of marijuana from his pocket, saying that Thomas had given it to him because Thomas knew he was going to jail. Officer Bode asked Thomas if the money and marijuana were his, and Thomas said that they were. The officers then searched the vehicle. On the front passenger side of the car, Officer Bode found a baggy containing 14 grams of crack cocaine stuffed between the seat and the seat lever by the door.
 {¶ 5} Thomas now raises two assignments of error. First, he argues that the trial court erred by not granting his Crim. R. 29 motion for acquittal, given that there was insufficient evidence to convict him of possession of cocaine. Second, Thomas argues that his conviction was against the manifest weight of the evidence.
 {¶ 6} In criminal cases, the legal concepts of sufficiency of the evidence and weight of the evidence are distinct.[1] A challenge to the sufficiency of the evidence attacks the adequacy of the evidence presented. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[2] The relevant inquiry in a claim of insufficiency is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt.[3]
 {¶ 7} A challenge to the weight of the evidence attacks the credibility of the evidence presented.[4] When evaluating the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[5]
The discretionary power to reverse should be invoked only in exceptional cases "where the evidence weighs heavily against the conviction."[6]
 {¶ 8} Thomas was convicted of possession of cocaine, a violation of R.C. 2925.11(A), which provides, "No person shall knowingly obtain, possess, or use a controlled substance." The culpable mental state of "knowingly" is defined in Ohio as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."[7]
 {¶ 9} "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."[8] Ohio courts have held that possession may be actual or constructive.[9] Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession.[10] The person must be "conscious of the presence of the object."[11] Circumstantial evidence is sufficient to establish dominion and control over an object.[12]
 {¶ 10} In the specific context of controlled substances, although mere presence in the vicinity of drugs does not prove dominion and control,[13]
readily accessible drugs in proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession.[14] For example, constructive possession can exist when drugs are found in a vehicle, even when the defendant is not the only person in the vehicle.
 {¶ 11} In State v. Ruby, though the defendant-driver had a passenger with him, constructive possession existed where police recovered drugs from the floor behind the driver's seat.[15] In State v. Mitchell, the defendant-driver had three passengers, but was convicted of possession when police recovered a PCP cigarette from the front seat on the passenger's side.[16] And in State v. Weckner, the defendant was convicted of possession when he was merely a passenger in a vehicle that contained the ingredients and tools necessary to manufacture methamphetamines, along with jars of methamphetamines.[17]
 {¶ 12} In Thomas's case, the officers saw Thomas in the front passenger seat. Both officers testified that Thomas reclined his seat, presumably using the lever on his right side. When the officers approached the car and told Thomas to show his hands, Thomas only showed his left hand. Only when Officer Cummins began to draw her weapon did Thomas then show his right hand. After removing Thomas from the car, Officer Bode found the baggy of crack cocaine wedged between the front passenger seat and the seat lever.
 {¶ 13} The evidence demonstrates that Thomas's constructive possession of the cocaine could have been based on his physical control of the area where the cocaine was found, and his proximity to the area. We conclude that a rational factfinder, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Thomas knowingly possessed crack cocaine. We also conclude, upon full review of the record, that the jury did not lose its way or create a manifest miscarriage of justice in finding Thomas guilty of posession of cocaine. Therefore, the evidence presented was legally sufficient to sustain Thomas's conviction, and Thomas's conviction was not against the manifest weight of the evidence.
 {¶ 14} Accordingly, Thomas's first and second assignments of error are overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
Hildebrandt and Winkler, JJ., concur.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[2] Id.
[3] See State v. Jones, 90 Ohio St.3d 403, 417, 2000-Ohio-187,739 N.E.2d 300; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492.
[4] See State v. Thompkins, supra, at 387.
[5] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[6] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[7] R.C. 2901.22(B).
[8] R.C. 2925.01(K).
[9] See State v. Wolery (1976), 46 Ohio St.2d 316, 329, 348 N.E.2d 351;State v. McDermott, 5th Dist. No. 2002CA00110, 2002-Ohio-6982.
[10] See State v. Wolery, supra, at 329.
[11] See State v. Hankerson (1982), 70 Ohio St.2d 87, 91,434 N.E.2d 1362.
[12] See State v. Jenks (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492;State v. Hooks (Sept. 11, 2000), 12th Dist. No. CA2000-01-003.
[13] See State v. Chandler (Aug. 9, 1994), 10th Dist. No. 94APA02-172;Cincinnati v. McCartney (1971), 30 Ohio App.2d 45, 281 N.E.2d 855.
[14] See State v. Scalf (1998), 126 Ohio App.3d 614, 620,710 N.E.2d 1206; State v. Hooks (Sept. 11, 2000), 12th Dist. No. CA2000-01-003.
[15] 149 Ohio App.3d 541, 552, 2002-Ohio-5381, 778 N.E.2d 101.
[16] 8th Dist. No. 79944, 2002-Ohio-1826.
[17] 12th Dist. No. CA2001-06-009, 2002-Ohio-1012.