JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Pierre Greene ("Greene"), appeals his drug possession conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2005, Greene was charged with drug possession and drug trafficking. Following a bench trial, he was acquitted of drug trafficking, but was found guilty of drug possession. The court sentenced him to six months in prison.
 {¶ 3} Greene appeals, arguing in his sole assignment of error that insufficient evidence exists to support his drug possession conviction.
 {¶ 4} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:
"Pursuant to Criminal Rule 29(A), a court shall not order anentry of judgment of acquittal if the evidence is such thatreasonable minds can reach different conclusions as to whethereach material element of a crime has been proved beyond areasonable doubt."
 {¶ 5} See, also, State v. Apanovitch (1987),33 Ohio St.3d 19, 23, 514 N.E.2d 394; State v. Davis (1988),49 Ohio App.3d 109, 113, 550 N.E.2d 966. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, in which the Ohio Supreme Court held:
"An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence submitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt." (Citations omitted.)
 {¶ 6} Greene was charged with possession of drugs under R.C.2925.11, which provides that no person shall knowingly obtain, possess, or use a controlled substance. Greene contends that there was insufficient evidence presented at trial to prove that he exercised dominion or control over the drugs found at his feet under several newspapers.
 {¶ 7} R.C. 2925.01 defines possession as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be actual or constructive. State v. Haynes
(1971), 25 Ohio St.2d 264, 267 N.E.2d 787; State v. Hankerson
(1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus.
 {¶ 8} Constructive possession exists when an individual exercises or is able to exercise dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Wolery (1976), 46 Ohio St.2d 316,329, 348 N.E.2d 351. However, constructive possession cannot be inferred by a person's mere presence in the vicinity of contraband. Cincinnati v. McCarthy (1971), 30 Ohio App.2d 45,281 N.E.2d 855.
 {¶ 9} In the instant case, Cleveland police were conducting a "buy/bust" operation with a confidential reliable informant ("CRI") in the area of East 131st Street and Crennell Avenue. The officers observed a hand-to-hand transaction of suspected crack cocaine between co-defendant, Walter Marcus, and the CRI. Officer John Hall testified that during the transaction, Greene exited a vehicle and approached Marcus, the CRI, and Christopher Bindford. Following a brief conversation, Greene returned to the vehicle with Marcus and Bindford, and they sat in the back seat. At that point, the take-down team surrounded the vehicle.
 {¶ 10} Officer Brian Keohl testified that he monitored the driver's side of the vehicle and observed Greene seated behind the driver in the back seat. Keohl testified that there were newspapers at Greene's feet, and "he was kicking his feet on the floorboard. * * * As to push something, or hide something." Keohl found this to be suspicious because the officers had advised the occupants of the vehicle not to move. When Keohl searched the vehicle, he found a bottle of PCP under the newspapers where Greene had been kicking his feet.
 {¶ 11} The evidence shows that Greene had constructive possession of the bottle of PCP that was recovered from the vehicle. The bottle was found under the newspapers on the floor of the vehicle where Greene's feet had been. Therefore, Greene was able to exercise dominion or control over the bottle. He was the only passenger within arm's length of the bottle. Furthermore, his action of kicking his feet to shuffle the newspapers, even after he was ordered not to move, indicates that he was attempting to conceal something on the floor of the vehicle. His disregard of the officers' order not to move, coupled with his actions of repeatedly shuffling his feet where the PCP bottle was found, demonstrates that Greene was conscious of the contraband.
 {¶ 12} Therefore, we find that sufficient evidence exists to support the drug possession conviction.
 {¶ 13} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anthony O. Calabrese, Jr., J. and Kenneth A. Rocco, J. concur.