JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On November 26, 2007, the applicant, Isaiah Harris, pursuant to App.R. 26(B), applied to reopen this court's judgment in State v. IsaiahHarris, Cuyahoga App. No. 88787, 2007-Ohio-4173, in which this court affirmed Harris' convictions and sentences for various drug and firearm offenses. Harris maintains that his appellate counsel was ineffective because he did not argue that Harris was improperly identified as a drug dealer through hearsay, thus, depriving Harris of his rights to confrontation and cross-examination. On December 6, 2007, the State of Ohio filed its brief in opposition. For the following reasons this court denies the application.
 {¶ 2} The evidence at trial showed that a confidential informant made two controlled buys of crack cocaine on May 12, 2006, at an apartment which Isaiah Harris gave as his residence. During each of these controlled buys, the confidential informant wore a "Kel Wire" surveillance device which broadcasted audio signals to the police who were monitoring the wire. In other words, the police were listening to what was said during the buy. The state submitted that at the first buy in the morning, Isaiah was present, but that his brother Michael actually made the sale; Isaiah, however, made the sale in the afternoon.
 {¶ 3} Harris points to the testimony of Agent Capretto (Tr. 74-85) to show that the only way through which the police knew Isaiah made a sale was through the word of the confidential informant who did not testify. Thus, the incriminating *Page 4 
testimony that Isaiah actually sold cocaine was really inadmissable hearsay. Harris argues that such evidence was prejudicial, because his defense was that the sole owner and dealer of the drugs was his brother, Michael.
 {¶ 4} However, this argument is ill-founded. A review of Capretto's testimony shows that he heard the different voices on the "Kel Wire." He testified that a different male made the afternoon sale. The transcript clearly shows that Capretto testified from his own perceptions and knowledge, not hearsay. Appellate counsel is not ineffective for not making an argument which the record contradicts.
 {¶ 5} Accordingly, this court denies the application to reopen.
 CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR. *Page 1