JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jermale Tisdel ("defendant"), appeals from his convictions for having a weapon while under disability and carrying a concealed weapon. He asserts that the trial court erred in denying his motion to suppress, his motion for acquittal, and his motion to bifurcate the issue of his prior conviction. In addition, defendant believes his convictions were against the manifest weight of the evidence. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On June 23, 2005, Cleveland police observed a vehicle in the area of Kinsman and East 140th at 3:30 a.m. Defendant was driving the vehicle and had three passengers. The officers suspected that juveniles were inside the vehicle and out past the municipal curfew. Officer Cupach checked the license plate on his mobile data computer, which indicated that the car was stolen. Cupach and his partner, Officer Jones, activated their overhead lights and stopped the vehicle.
 {¶ 3} Jones testified that he approached the driver's side of the vehicle with his weapon drawn. He observed the driver, defendant, moving around and appearing to be shoving and kicking something under his seat. Jones ordered defendant to place his hands in view three times before he complied. Cupach approached the vehicle from the passenger side.
 {¶ 4} Defendant was asked to produce his license and registration. When the glove box was opened, Cupach saw a magazine clip for a gun. He signaled Jones to remove defendant from the vehicle. Defendant produced his drivers license and was placed in the back of the patrol car. The officers ran warrants checks on the other occupants of the vehicle and determined that at least one of them was a juvenile. A citation was issued and those persons were released.
 {¶ 5} The officers could not ascertain whether the vehicle was stolen or if there had been a "VIN flip." They radioed for a vehicle tow to further investigate the matter. Cupach began to inventory the vehicle and discovered a loaded gun under the driver's seat. Defendant claimed the gun belonged to the juvenile passenger who had been sitting behind the driver's seat. Cupach testified that it was impossible to pass the gun from the back to the front under the seat due to a motor and clutter that obstructed the path.
 {¶ 6} Defendant was arrested and proceeded to trial on charges of carrying a concealed weapon and having a weapon while under disability. The trial court denied defendant's pretrial motion to suppress and motion to bifurcate the issue of defendant's prior conviction. The trial court also denied defendant's motion for directed verdict.
 {¶ 7} The jury was presented with the stipulation of defendant's prior conviction for aggravated assault. Defendant then took the stand to testify in his defense. On the morning in question, defendant went to meet a neighbor at a bar to drive her home in her vehicle. Defendant denied having a gun. He dropped his neighbor off and, with her permission, continued to use her car. He picked up three other people before he was stopped by the police. He produced his drivers license and was placed in the back of the patrol car. Defendant denied having any prior knowledge of the magazine clip being in the glove box or the presence of the gun under the driver's seat.
 {¶ 8} The jury returned convictions on both counts and the court sentenced defendant to a term of imprisonment.
 {¶ 9} We will address the assignments of error in the order presented.
 {¶ 10} "I. The trial court erred in overruling appellant's motion to suppress where the search violated appellant's rights against unreasonable search and seizure under theFourth Amendment to the U.S. Constitution and Section 14, Article I of the Ohio Constitution."
 {¶ 11} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Kobi
(1997), 122 Ohio App. 3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine, as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 12} The Fourth Amendment to the United States Constitution
prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. Katz v. United States (1967),389 U.S. 347. An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. Terry v.Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868. Under theTerry stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979), 440 U.S. 648, 653;State v. Gedeon (1992), 81 Ohio App.3d 617, 618; State v. Heinrichs
(1988), 46 Ohio App.3d 63.
 {¶ 13} Here, the officers lawfully stopped the vehicle. They not only suspected the occupants were juveniles that were violating curfew but also had received information that the car was stolen. During the stop, Officer Cupach saw a magazine clip and suspected a gun might also be in the car. The Officers further suspected a "VIN flip," meaning the VIN on the vehicle might not belong to it. This required further investigation and necessitated a tow.
 {¶ 14} Defendant contends that the inventory search by Officer Cupach was pretextual and violative of his Fourth Amendment rights. Defendant, however, does not contest the officer's decision to have the vehicle towed due to the issue over the vehicle identification number.
 {¶ 15} Officers may inventory a vehicle prior to towing. E.g.,State v. Patterson, Summit App. No. 23135, 2006-Ohio-5424, ¶ 24[1]
(inventory search prior to tow was proper); State v. Poole, Cuyahoga App. No. 80250, 2002-Ohio-5326 (inventory search prior to tow was conducted in accordance with police procedures); State v.Weatherspoon (June 17, 1984), Cuyahoga App. No. 44238, citing State v.Jones (April 12, 1979), Cuyahoga App. No. 37862 and South Dakota v.Oppern (1976), 428 U.S. 364.
 {¶ 16} The record establishes that the officers conducted the inventory search of the vehicle in good faith and in accordance with police procedure. The officers explained that the gun and the magazine were not included in the inventory because they were booked as evidence. They further testified that the inventory is conducted to account for any valuables that might be in the vehicle. See State v. Alexander, Cuyahoga App. No. 83848, 2004-Ohio-3735, ^[16 ("[i]t is reasonable to do an inventory search before surrendering a car to a towing company in order to insure the proper accounting for the car's contents," citingState v. Bridges, Cuyahoga App. No. 80171, 2002-Ohio-3771.) The trial court properly denied defendant's motion to suppress.
 {¶ 17} Assignment of Error I is overruled.
 {¶ 18} "II. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of carrying a concealed weapon and having a weapon while under disability."
 {¶ 19} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 20} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 21} Defendant asserts there was insufficient evidence that he knowingly concealed a gun. R.C. 2923.12, pertains to carrying concealed weapons, and provides:
 {¶ 22} "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:
 {¶ 23} "(1) A deadly weapon other than a handgun;
 {¶ 24} "(2) A handgun other than a dangerous ordnance;
 {¶ 25} "(3) A dangerous ordnance."
 {¶ 26} "Ready at hand" means within the defendant's immediate presence and of convenient access. State v. Hanks (Oct. 31, 2000), Franklin App. No. 99AP-1289. The State can establish paragraph (A) of this offense through evidence of constructive possession. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Wolery (1976), 46 Ohio St.2d 316, 329.
 {¶ 27} Defendant relies on State v. Duganitz (1991),76 Ohio App.3d 363 as he did below. In Duganitz, this Court found insufficient evidence to sustain similar convictions where a gun was found under a blanket near the front seat of the car but a passenger had been left alone in the car for a period of time.
 {¶ 28} This case has material differences to the facts which drove this Court's decision in Duganitz. Here, Officer Jones observed defendant making furtive movements and believed the defendant was trying to shove and kick something under his seat. Officer Cupach maintained that it was not possible to pass the gun under the seat from the back due to obstructions of a seat motor and debris. Finally, there is no indication that the officers left any of the passengers in the car unsupervised as was the case in Duganitz.
 {¶ 29} Construing the evidence in a light most favorable to the State, there was sufficient evidence to submit this charge to the jury.
 {¶ 30} The charge of having weapons while under disability is set forth in R.C. 2923.13, which provides:
 {¶ 31} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 32} "* * *.
 {¶ 33} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
 {¶ 34} Defendant stipulated to having a prior conviction for aggravated assault, the State introduced a firearm into evidence that was seized from underneath defendant's seat where Officer Jones believed he had put something. Accordingly, the trial court did not err in denying defendant's motion for acquittal on this charge.
 {¶ 35} Assignment of Error II is overruled.
 {¶ 36} "III. The appellant's convictions for carrying a concealed weapon and having a weapon while under disability are against the manifest weight of the evidence."
 {¶ 37} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 38} Defendant reincorporates the arguments advanced in his second assignment of error here. The record does include defendant's testimony that denied any knowledge of the magazine clip in the glove compartment and the gun's presence in the car. That alone, does not manifestly outweigh the other evidence that would, if believed, support defendant's convictions. Defendant emphasizes that he would never have opened the glove compartment had he known there was a magazine clip inside. But, even if he was unaware of the magazine clip in the glove compartment that does not definitively establish that he did not know of and/or possess the firearm under the seat. The trial court stated that it found the officers' testimony very credible, which appears to be supported by the record. The jury did not clearly lose its way in resolving the conflicts in the evidence.
 {¶ 39} Assignment of Error III is overruled.
 {¶ 40} "IV. The trial court erred in not granting a separate hearing on or otherwise bifurcating the issue of appellant [sic] prior conviction."
 {¶ 41} Defendant contends that the trial court abused its discretion when it did not grant his motion to stipulate to his prior conviction or bifurcate the issue. The prior conviction was an essential element of the having weapons while under disability charge. Defendant concedes that neither the State nor the Court was required to accept his offer to stipulate to the prior conviction. In a similar case, this Court held that "the state was required to prove the prior conviction beyond a reasonable doubt in order to prove the offense itself and a defendant is not entitled to waive a jury on that element alone. State v. Jordan
(April 29, 1999), Cuyahoga App. No. 73453, distinguishing Old Chief v.U.S. (1997), 519 U.S. 172, citing State v. Berger (Feb. 19, 1998), Cuyahoga App. No. 71618; State v. Adams (1995), 106 Ohio App.3d 139. See, also, State v. Hilliard, Summit App. No. 22808, 2006-Ohio-3918, T|26; State v. Kole (June 28, 2000), Lorain App. No. 98CA007116, reversed on other grounds (2001), 92 Ohio St.3d 303; State v. Carr (Dec. 10, 1999), Lake App. No. 98-L-131; State v. Woods (Aug. 30, 2001), Cuyahoga App. No. 78752 (reading of the indictment to the jury that included reference to prior conviction does not raise to level of plain error).
 {¶ 42} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Holding that "[inventory searches are an exception to the search warrant requirement of the Fourth Amendment. Colorado v. Bertine (1987),479 U.S. 367, 371 . The United States Supreme Court has found inventory searches serve to protect the vehicle owner's property while it is in the custody of the police. South Dakota v. Opperman (1976),428 U.S. 364, 372, . These searches serve to `insure against claims of lost, stolen or vandalized property and to guard the police from danger.' Bertine, 479 U.S. at 372. This exception extends to containers located in the vehicle. Id. at 374. Further, the United States Supreme Court has held that `reasonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment[.]"' Id.