JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Demetrius Harris ("Harris"), appeals his convictions and sentence. Finding merit to the appeal, we reverse and vacate the convictions.
 {¶ 2} In December 2005, Harris was charged with carrying a concealed weapon and having a weapon while under disability. The matter proceeded to a bench trial, at which the judge found Harris guilty of both charges and sentenced him to one year in prison. The following evidence was presented at trial.
 {¶ 3} In November 2005, Lyndhurst police officer Blatnick ("Blatnick") observed a white Lincoln Town Car weaving on Mayfield Road. He followed the car and saw it strike the rear of another vehicle stopped at a red light. Sergeant Traci ("Traci") also observed the accident and stopped at the scene. Traci spoke with the driver of the other vehicle and Blatnick spoke with Antonio Pryor ("Pryor"), the driver of the Lincoln. Blatnick observed that Harris was sitting in the front passenger seat of the Lincoln.
 {¶ 4} Officer Johnson ("Johnson") came to the scene to assist the other officers. He watched Harris as Blatnick performed field sobriety tests on Pryor. Johnson had to leave the scene for another call, but returned approximately ten minutes later. At that point, Harris was sitting at a nearby bus stop. Johnson assisted Harris by retrieving a cell phone and some money from Pryor. When Harris asked him for a ride home, Johnson suggested that he go to the nearby donut shop to call for a ride. *Page 3 
 {¶ 5} Pryor was arrested for operating a vehicle while under the influence, and as Johnson completed an inventory of the Lincoln, he discovered a revolver with five rounds of live ammunition under the passenger seat. The gun was located toward the front of the seat, about four to five inches back, and was leaning on its side against the seat adjustment bar. After discovering the gun, Johnson proceeded to the donut shop and arrested Harris.
 {¶ 6} In his first assignment of error, Harris argues that there was insufficient evidence to sustain his convictions.
 {¶ 7} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 8} In the instant case, Harris was convicted of carrying a concealed weapon pursuant to R.C. 2923.12, which provides that, "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun * * *." He was also convicted of having a weapon while under disability *Page 4 
pursuant to R.C. 2923.13, which states that, "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony * * *."
 {¶ 9} Harris concedes that all the elements of R.C. 2923.12 have been met except for the element of "knowingly carry or have."[1] He argues that there was insufficient evidence on the record to establish that he knew about the gun under the seat and had possession of the gun. We agree.
 {¶ 10} In State v. Duganitz (1991), 76 Ohio App.3d 363,601 N.E.2d 642, this court found that the State failed to establish beyond a reasonable doubt that Duganitz knowingly carried or had the gun. InDuganitz, the defendant and a passenger were stopped while driving in a high crime area. The arresting officer first removed Duganitz (the driver) from the car and then the passenger. In his search of the car, the officer observed a blanket which covered "the right side of the seat and went almost all the way to the driver's side." The officer discovered a loaded .38 caliber revolver under the blanket and to the right of where Duganitz had been sitting. Duganitz denied ownership of the gun, but was later convicted of carrying a concealed weapon. We reversed the conviction on appeal.
 {¶ 11} In reaching our decision, we held that: *Page 5 
 "The elements of carrying concealed weapons are: (1) no person shall (2) knowingly carry or have (3) concealed on his person or (4) concealed ready at hand (5) any deadly weapon or dangerous ordnance.
 The prosecution [in the instant case] did not prove the second element of the offense beyond a reasonable doubt, that is, `knowingly carry or have.' The evidence on this element was purely circumstantial and did not meet the burden of proof beyond a reasonable doubt.
 * * *
 There is nothing in the record that either establishes or creates a reasonable inference that the appellant [Duganitz] knowingly carried or had the gun, beyond a reasonable doubt.
 Reasonable doubt is created by a contemplation of competing constructions of the evidence. The appellant did not own the vehicle. The gun was found in a location between the passenger and driver even though somewhat closer to the driver. It was just as ready at hand to the passenger as the appellant. The passenger was left in the vehicle alone for approximately one minute and could have just as easily slid the gun under the blanket. There were no fingerprints or other scientific tests conducted that would have conclusively proven whether the appellant had the gun."
 {¶ 12} Moreover, in State v. Hardy (1978), 60 Ohio App. 2d 325,397 N.E.2d 773, we found that, "[i]n order to `have' a firearm, one must either actually or constructively possess it." In Hardy, the defendant was at work at a beverage store when another employee asked for rent money. Hardy agreed to give him money if he returned at closing time. However, an altercation ensued that resulted in Hardy's grabbing a gun located near the counter and wounding the employee. Hardy was convicted of having a weapon while under disability.
 {¶ 13} In deciding whether Hardy "had" the weapon within the meaning of the statute, we held that Hardy did not "have" the gun prior to the point when he *Page 6 
grabbed it. The facts in Hardy demonstrated that Hardy, along with other employees, had knowledge of and physical access to the gun. However, the record failed to establish any evidence demonstrating that Hardy ever exercised dominion or the sort of control over the weapon that comes with ownership or actual possession.[2] In reversing the conviction, we held that the evidence was insufficient to find that Hardy actually or constructively possessed the gun. Id.
 {¶ 14} In the instant case, the State failed to prove beyond a reasonable doubt that Harris knowingly carried or had the gun found under the seat. There was no evidence to establish the car belonged to Harris or that Harris knew the gun was in the car. Harris made no furtive gestures while sitting in the vehicle and fully cooperated with the police while they performed OVI tests on the driver. Furthermore, Harris made no attempt to flee, where guilty knowledge might be inferred, nor did he act nervous. Moreover, there is no evidence on the record to demonstrate that Harris exercised dominion or control over the gun. There were no fingerprints or other scientific tests conducted that would have demonstrated beyond a reasonable doubt that he had knowingly carried the gun.
 {¶ 15} Furthermore, the State's argument that Harris constructively possessed the gun is misplaced. The gun was found under Harris' seat, but positioned in a way *Page 7 
that was accessible to anyone in the front seat. The State's theory that the gun was in front of the seat adjustment bar and would have slid forward in the collision is mere speculation. The State failed to present evidence as to the weight of the gun or the force of the impact. Therefore, we cannot agree that the gun would have moved forward from under the seat because of the impact unless Harris placed it there after the collision. Accordingly, we find that there was insufficient evidence to convict Harris of carrying a concealed weapon and having a weapon while under disability.
 {¶ 16} Therefore, the first assignment of error is sustained.
 {¶ 17} In his second assignment of error, Harris argues that his convictions are against the manifest weight of the evidence. Because we find insufficient evidence to support his convictions, the second assignment of error is rendered moot.
Judgment reversed and convictions vacated.
It is, therefore, ordered that appellant recover of appellee the costs herein.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, JUDGE JAMES J. SWEENEY, P.J. and
MARY J. BOYLE, J. CONCUR
[1] "Knowingly" is defined in R.C. 2901.22(B) as: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
[2] Actual possession requires ownership and, or, physical control. Id. Whereas, constructive possession requires some evidence that the person exercised dominion or control over the object. State v.Pruitt (1984), 18 Ohio App.3d 50, 58, 480 N.E.2d 499; State v.Jansen (May 6, 1999), Cuyahoga App. No. 73940. Constructive possession cannot be inferred by a person's mere presence in the vicinity of contraband. Cincinnati v. McCartney (1971), 30 Ohio App.2d 45,281 N.E.2d 855. *Page 1