{¶ 20} I agree that the state produced sufficient evidence to prove that Capretta trafficked the cocaine found on Pavlovic, so I concur in the affirmance of her conviction for trafficking. I do not find, however, that the state produced evidence to show that Capretta possessed the cocaine, so I respectfully dissent from the affirmance of the possession count.
 {¶ 21} R.C. 2925.01(K) defines "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." As the majority concedes, the state offered no evidence to *Page 11 
show that Capretta had actual possession of the cocaine. Instead, it concludes that the state proved possession because Capretta had an "awareness of the presence of drugs." I respectfully submit that the majority's conclusion is erroneous because it mistakes mere knowledge of the presence of drugs with possession.
 {¶ 22} The statutory definition of "possession" necessarily incorporates two concepts. First, that the possessor of a thing or substance is able to exercise domination and control over an item, even if the individual does not have immediate physical possession of it.State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. Second, the possessor must have knowledge that the thing or substance exists-that is, a showing that "the person was conscious of the presence of the object." Id. at 91. A person's mere presence in a place where drugs are found is not enough to show constructive possession of those drugs. SeeCincinnati v. McCartney (1971), 30 Ohio App.2d 45, 48; State v.Harris, Cuyahoga App. No. 88765, 2007-Ohio-3916, fn.2. This is because a person's knowledge that a thing or substance exists does not show that the person has possession of that thing or substance.
 {¶ 23} The state offered no evidence to show that Capretta constructively possessed the cocaine. It only showed that she was present in the vehicle while a drug transaction took place. There was no evidence to show that she exerted dominion or control over the cocaine held by Pavlovic. Indeed, the evidence showed the contrary, as she remained in the back of the van and did not speak during the transaction. As a matter of law, Capretta's mere presence inside the vehicle is *Page 12 
legally insufficient to prove that she possessed the cocaine. I would therefore vacate her conviction for possession of drugs. *Page 1