JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Velimir Lucic appeals from his conviction after a jury found him guilty of carrying a concealed weapon.
 {¶ 2} Lucic presents one assignment of error. He argues his conviction is not supported by sufficient evidence, on the basis that the state failed to prove the element of knowledge.
 {¶ 3} Viewing the evidence presented in a light most favorable to the prosecution, this court must disagree. Consequently, his conviction is affirmed.
 {¶ 4} The state presented the testimony of three Cleveland police officers at Lucic's trial. Officer Carl Perkins stated that on the night of April 19, 2007, he was working as security for a bar on West 6th Street.
 {¶ 5} As Perkins stood outside the entrance, he "observed a black Mercedes Benz traveling northbound. The operator made a U-turn and attempted to park his vehicle on the opposite side of the street, and he was unable to negotiate into the parking space. He then made another U-turn, came around to [Perkins's] side of the street. There was a parking space right in front of where [Perkins] was standing. However, there was another car that was preparing to park there. He pulled in front of that car, and then he backed up and sped in real quick to get into the parking spot. And in doing so, his***right rear tire went up on the curb and ended up on the sidewalk." *Page 4 
 {¶ 6} The driver, appellant Lucic, exited his vehicle to walk across the street. Perkins indicated that, although U-turns were not permitted, he nevertheless approached Lucic, identified himself as a Cleveland police officer, and merely asked Lucic to move his vehicle off of the sidewalk. Lucic refused, asserting that he was not required to comply because Perkins was "off duty."
 {¶ 7} Perkins repeated his request, and this time Lucic demanded to know why he needed to move his car. Perkins moved toward the front of Lucic's vehicle, offering to show him how far onto the sidewalk his tire encroached. Rather than cooperating with Perkins's gesture, however, Lucic reentered his car, started it, "put it in drive, and started moving toward [Perkins]."
 {¶ 8} Perkins had decided by then to issue a parking ticket to Lucic, thus, he ordered Lucic to stop what he was doing and to produce his driver's license. Lucic stated that he "didn't have one" with him. Perkins told Lucic to exit the vehicle, and informed Lucic he was "under arrest for driving without a license." Once again, Lucic refused to comply, stating Perkins was "off duty."
 {¶ 9} The situation taking place between Perkins and Lucic had attracted the attention of Perkins's colleague, Det. Stephen Loomis, who also was working as security for the bar that night. Loomis joined Perkins and added his order to exit the vehicle; this time, Lucic did so.
 {¶ 10} As Perkins escorted Lucic to the other side of the vehicle to show *Page 5 
him why he was being cited for the initial parking violation as well as for driving without a license, Loomis began "to inventory the vehicle in connection with the tow incident to [Lucic's] arrest." When Loomis opened the center console, he found a handgun.
 {¶ 11} Alarmed by the discovery, Loomis immediately rushed over to Lucic and placed him in handcuffs. Loomis testified that, as he informed Perkins of the find, in Loomis's opinion, Lucic "seemed surprised that it was in the car."
 {¶ 12} The gun, a Taurus nine millimeter semiautomatic, carried a full magazine of seventeen hollow-point bullets. A police ballistics expert tested the weapon and found it was fully operable.
 {¶ 13} Lucic subsequently was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.12. His case proceeded to a jury trial. After the state presented the testimony of the police officers, the trial court denied Lucic's motion for acquittal. Lucic elected to present no evidence and renewed his motion for acquittal, which again was denied. The jury ultimately found Lucic guilty of the offense.
 {¶ 14} Lucic appeals from his conviction with the following assignment of error.
 {¶ 15} "I. The trial court erred in denying appellant's motion forjudgment of acquittal for carrying a concealed weapon in violationof *Page 6 R.C. 2923.12."
 {¶ 16} Lucic argues that since the state presented no proof either that he owned the vehicle or that his fingerprints were on the gun, it failed to prove an essential element of the offense, i.e., that he "knowingly" possessed a weapon; therefore, the trial court should have granted his motions for acquittal. As authority for his argument, he cites State v. Duganitz (1991), 76 Ohio App.3d 363. This court cannot agree.
 {¶ 17} A defendant's motion for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crimes has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978), 55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
 {¶ 18} Thus, circumstantial evidence alone may be used to support a conviction. Jenks, supra. Circumstantial evidence is the proof of certain facts from which a jury may infer other connected facts that usually and reasonably follow according to the common experience of mankind. Duganitz, supra at 367. "[T]he circumstances, to have the effect of establishing an allegation of fact, must be such as to make the fact alleged appear more probable than any other; *Page 7 
the fact in issue must be the most natural inference from the facts proved." Id.
 {¶ 19} Lucic was charged with violating R.C. 2923.12(A)(2), which states in pertinent part that, "No person shall knowingly carry or have***concealed ready at hand***a handgun***." This court has held that the state can establish this offense by presenting evidence of constructive possession. State v. Tisdel, Cuyahoga App. No. 87516,2006-Ohio-6763, ¶ 26. Moreover, pursuant to R.C. 2901.22(B), a person acts "knowingly" when he is aware that his conduct will probably be of a certain nature. In re: D.S., Cuyahoga App. No. 88709, 2007-Ohio-3911, ¶ 14.
 {¶ 20} The state's evidence demonstrated that Lucic was alone in the vehicle, thus, no one else had access to it. State v. Herring (May 14, 1992), Cuyahoga App. No. 60460; cf, State v. Harris, Cuyahoga App. No. 88765, 2007-Ohio-3916. Furthermore, according to Perkins, from the time he first observed Lucic, Lucic conducted himself with an arrogant attitude. Lucic's comments indicated not only that he considered an "off-duty" police officer as impotent, but that he considered himself invulnerable.
 {¶ 21} Unlike the defendant in Harris, Lucic's demeanor leads to the natural inference that he was aware of the gun's presence. Rather than conducting himself in a cooperative manner, his knowledge that he had a powerful weapon nearby allowed him to act arrogantly toward an "off-duty" *Page 8 
police officer. This, together with the fact that the gun was found to be within his easy reach as he was driving, alone in the car, distinguishes this case from the facts presented in both Harris andDuganitz.
 {¶ 22} When the evidence is viewed in a light most favorable to the prosecution, this court cannot find that the trial court erred in denying Lucic's motions for acquittal. Accordingly, his assignment of error is overruled.
 {¶ 23} Lucic's conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS; MARY JANE BOYLE, J., CONCURS IN JUDGMENT ONLY. *Page 1